**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MONTE LEE BRIDGES,

      Plaintiff - Appellant,

v.

DR. JENNINGS, DR. KAPLAN,
WARDEN PUGH,

      Defendants - Appellees.

No. 97-1432

(D. Colorado)

(D.C. No. 97-D-1850)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Monte Lee Bridges appeals the district court's dismissal of his civil action brought pursuant to 42 U.S.C. § 1983. Bridges contends the district court erred in finding that his claim that the defendants were deliberately indifferent to his serious medical needs was frivolous and failed to state a claim. We grant Bridges' motion to proceed in forma pauperis and dismiss the appeal.

The facts are fully set forth in the district court's order. See R. Vol. I, Doc. 9. Briefly, Bridges' chief complaint is that doctors at the Florence Correctional Institution have refused to continue prescribing Xanax (to which he had become addicted) for his anxiety disorder, and that he consequently suffers numerous anxiety symptoms, including breakouts of itching rashes which he scratches uncontrollably. Additionally, he complains of high blood pressure, foot problems, back and neck problems, and stomach pain, which he claims the doctors have either failed to treat or have inadequately treated. However, he acknowledges that he has been given a sleeping medication which he dislikes, that he receives high blood pressure medication, that he was given a cane, and that he was offered a new medication for his anxiety/depression.

In this case, the district court dismissed Bridges' action pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous and for failure to state a claim. We review the district court's dismissal for frivolousness under § 1915 for an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992). Although recent

-2-

unpublished Orders and Judgments in this circuit have suggested a de novo standard might apply to the review of a district court's dismissal of a § 1915 case for failure to state a claim, we have not yet published an opinion which definitely settles the question of whether the applicable standard should be abuse of discretion or de novo.[1]  Despite the lack of binding  precedent, we need not settle this issue here because, in any event, our disposition meets either standard of review.

A claim is frivolous if the factual contentions supporting the claim are clearly baseless, or the claim is based on a legal theory that is "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).  A complaint fails to state a claim if, taking the well-pleaded allegations as true and construing them in the light most favorable to plaintiff, no relief can be granted based on a dispositive issue of law.  See id. at 326-27.

Since Bridges is representing himself, we construe his pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  In Wilson v. Seiter, 501 U.S. 294 (1991), the Court clarified the

---

[1]See Dahler v. Goodman, No. 97-3177, 1998 WL 67359, at *2 (10th Cir. Feb. 19, 1998) for a list of other unpublished cases that have noted, but not decided, the question.

Eighth Amendment's deliberate indifference standard under Estelle. "[O]nly the 'unnecessary *and wanton* infliction of pain' implicates the Eighth Amendment." Wilson, 501 U.S. at 297 (emphasis in the original) (quotation omitted). More recently, in Farmer v. Brennan, 511 U.S. 825 (1994), the Court reiterated and emphasized the subjective requirement for finding a constitutional violation. Id. at 837 (requiring conscious disregard of a known, serious risk to inmate health or safety to establish deliberate indifference).

In this case, the facts which Bridges recites demonstrate that prison doctors are substituting a different medication in the attempt to alleviate Bridges' addiction to Xanax, and that Bridges objects to the decision to treat his addiction. Additionally, the facts indicate that Bridges believes doctors have failed to provide sufficient treatment for his other ailments, although he concedes they have provided some treatment. That is, Bridges' constitutional claim is based upon his disagreement with the medical judgment of the prison doctors. Such a difference of opinion respecting medical judgment does not support a claim of cruel and unusual punishment. See Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980).

Accordingly, we find that this appeal is frivolous or fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) or (ii) for purposes of counting "prior occasions" under 28 U.S.C. § 1915(g). This appeal is DISMISSED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge